IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY J. RITCHIE, | ) |
| Plaintiff, | ) ) ) |
| | ) CIV-15-1105-M |
| v. | ) ) |
| OKLAHOMA COUNTY DETENTION FACILITY, | ) ) ) |
| Defendant. | ) ) |

## REPORT AND RECOMMENDATION

Plaintiff, a state pretrial detainee appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). An initial review of the sufficiency of the cause of action under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) has been conducted, and based upon this review and the findings set forth herein the undersigned recommends that the cause of action be dismissed upon filing.

I. Statutory Screening of Prisoner/Detainee Complaints

The Court must screen complaints brought by prisoners/detainees seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, because Plaintiff is proceeding *in forma pauperis*, the Court has a duty to screen the complaint. See 28 U.S.C. § 1915(e)(2). In this initial review, the Court must dismiss any claim that is

1

frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§1915A(b); 1915(e)(2)(B).

To survive this review, Plaintiff must plead "enough facts to state a claim that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In applying this standard the Court must assume the truth of all well-pleaded factual allegations in the Complaint and construe them in the light most favorable to Plaintiff. See Leverington v. City of Colo. Springs, 643 F.3d 719, 723 (10th Cir. 2011).

Although a *pro se* litigant's pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997). See Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008)(court reviewing *pro se* complaint does not "assume the role of advocate")(quotations and citation omitted).

II. Defendant is Not Suable Entity

Plaintiff has named the "Oklahoma County Detention Facility" as the only Defendant in this action. At the time he filed his Complaint, Plaintiff was being detained at the Garfield County Detention Center. However, he alleges in the Complaint that for six days, between August 2, 2015 and August 8, 2015, he was detained in the Oklahoma County Detention Center and that he suffered constitutional deprivations due to the conditions of his confinement in the jail.

Fed. R. Civ. P. 17(b) provides that the law of the state in which the district court is located determines the capacity of a governmental entity to sue or to be sued. In Oklahoma, each organized county has the capacity to sue or be sued, and a lawsuit brought against a county in Oklahoma must be filed against the Board of County Commissioners for the particular county. Okla. Stat. tit. 19, §§ 1, 3, 4. A county jail in Oklahoma, which operates as a subdivision of the county in which it is located, has no separate legal identity under Oklahoma law. Hence, Defendant "Oklahoma County Detention Facility," or the Oklahoma County Detention Center, cannot be sued in this Court. See Aston v. Cunningham, No. 99-4156, 2000 WL 796086, *4 n. 3 (10th Cir. June 21, 2000)(unpublished op.)("Dismissal against [Salt Lake County jail] was also required because a detention facility is not a person or legally created entity capable of being sued."). Thus, the cause of action should be dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a plausible claim upon which relief may be granted.

III. Conditions of Confinement

Plaintiff alleges in the Complaint that he suffered "4th Amendment" deprivations due to the failure of jail officials to provide him a "mat" and a " blanket" during his six days of confinement in the Oklahoma County Detention Center and that he was subjected to a "dangerous and hostile environment." It appears that Plaintiff is alleging a deprivation under the Fourteenth Amendment, which governs a pretrial detainee's claim of unconstitutional conditions of confinement, and not the Fourth Amendment, which protects against unreasonable searches and seizures.

"Although the Due Process Clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, the Eighth Amendment standard provides the benchmark for such claims." Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998)(citation omitted). See City of Revere v. Mass. General Hospital, 463 U.S. 239, 244 (1983)(due process protections for detainees are "at least as great as the Eighth Amendment protections available to a convicted prisoner").

The Eighth Amendment "imposes duties on [prison and jail] officials who must provide humane conditions of confinement; prison [and jail] officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994)(quoting Hudson v. Palmer, 468 U.S. 517, 526-527 (1984)). See Ramos v. Lamm, 639 F.2d 559, 568 (10th Cir. 1980)(states must provide their inmates with "reasonably adequate ventilation, sanitation, bedding, hygiene materials, and utilities (*i.e.*, hot and cold water, light, heat, and plumbing)").

To prevail on his claim of unconstitutional conditions of confinement, Plaintiff must show he was "incarcerated under conditions posing a substantial risk of serious harm" and that prison/jail officials were deliberately indifferent to his health or safety. Farmer, 511 U.S. at 834, 837. "'[D]eliberate indifference' is a stringent standard of fault." Bd. of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 410 (1997). Prison or jail officials cannot be found liable under this standard unless they subjectively knew of and disregarded an excessive risk to the plaintiff's health or safety. Farmer, 511 U.S. at 837.

4

"While no single factor controls the outcome of [prison conditions] cases, the length of exposure to the conditions is often of prime importance." DeSpain v. Uphoff, 264 F.3d 965, 974 (10th Cir. 2001). In this regard, "the severity and duration of deprivations are inversely proportional, so that minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations of shelter, food, drinking water, and sanitation' may meet the standard despite a shorter duration." Id. (citations omitted). Although the lack of a "mat" or "blanket" may have been uncomfortable for Plaintiff, Plaintiff has alleged that he was not provided a "mat" or "blanket" for only a few days, and he has not alleged that any jail official was aware of the absence of a "mat" or "blanket" in Plaintiff's cell.. Plaintiff's allegation that he was subjected to a "dangerous and hostile" environment is vague and conclusory.

Assuming the truth of the allegations in Plaintiff's Complaint, Plaintiff has not stated a plausible claim that the conditions under which he was detained for six days in the Oklahoma County Detention Center posed a substantial risk of serious harm or that any jail official was deliberately indifferent to Plaintiff's health or safety. Accordingly, the cause of action should be dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a plausible claim upon which relief may be granted.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the cause of action be dismissed upon filing pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim upon which relief can be granted. It is further recommended that the dismissal

of this cause of action count as one "prior occasion" or "strike" pursuant to 28 U.S.C. §1915(g). See Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1176, 1177 (10th Cir. 2011)("When an action or appeal is dismissed as frivolous, malicious, or for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), the dismissal counts as a strike" and "a dismissal under [28 U.S.C. ] § 1915A counts as a strike when the action was dismissed as frivolous, malicious, or for failure to state a claim . . . .").

Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by November 11th, 2015, in accordance with 28 U.S.C. §636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this 22nd day of October, 2015.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE